UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE LIONSPAW GRAND
NEIGHBORHOOD OWNERS'
ASSOCIATION, INC.,

     Plaintiff,

v.                                                              Case No: 6:25-cv-1789-JSS-LHP

RONALD EARL SCHERER, SR.,
THE INTERNATIONAL
RESIDENTIAL OWNERS
ASSOCIATION, INC., and UNITED
STATES OF AMERICA,

     Defendants.
_____/

**ORDER**

Plaintiff, the Lionspaw Grand Neighborhood Owners' Association, Inc., through its assignee, Absolute Finance, LLC, moves to drop the United States as a party and remand this matter to the Volusia County Circuit Court. (Dkt. 8.) Defendant United States of America opposes the motion. (Dkts. 12, 13.) Upon consideration, for the reasons outlined below, the court denies the motion.

**BACKGROUND**

Plaintiff initiated this action in state court "to foreclose a claim of lien for homeowners' assessments." (Dkt. 1-1 at 3.) Plaintiff is a homeowners' association that allegedly assigned its rights to Absolute Finance. (*Id.* at 3–4.) According to the operative complaint, the United States "claims or may claim an interest in the

[p]roperty by virtue of an [a]bstract of [j]udgment" recorded in the official records of Volusia County, Florida, but that "interest . . . is inferior to Plaintiff's interest." (*Id.* at 6.) On September 16, 2025, the United States removed the case to federal court. (*See* Dkt. 1.)

Plaintiff moves to drop the United States as a defendant and remand the case to state court because the "sole basis for federal subject[ ]matter jurisdiction is the presence of the United States as a defendant." (Dkt. 8 at 3; *see id. passim.*) Plaintiff states that "[a]fter reviewing a title search of the land records prior to the Internal Revenue Service [(IRS)] recording a lis pendens regarding its own lien enforcement action filed in federal court in August 2025, Plaintiff—out of an abundance of caution—filed an amended complaint adding the United States as a defendant." (*Id.* at 1–2.) However, "[u]nbeknownst to Plaintiff, the title search erroneously omitted a 2006 recording of an IRS lien as to the subject property" and "[s]ubsequently, Plaintiff conducted another title search and determined that the IRS lien was senior to the [c]laim of [l]ien for assessments being foreclosed in this case." (*Id.* at 2.)

## APPLICABLE STANDARDS

Federal courts must ensure that they have subject matter jurisdiction. *See DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) ("Federal courts have an obligation to examine sua sponte their own jurisdiction over a case[.]"); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011). "If at any time the district court determines that it lacks subject matter jurisdiction, [it]

must dismiss the action." *Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (quotation omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013). To satisfy this burden, the removing defendant "must show that the plaintiff's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008).

Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003). "In plain terms, unless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question." *Id.*

## ANALYSIS

Plaintiff argues that it "erroneously named [the] United States as a defendant . . . due to an erroneous and defective title search" and has "determined that the [Internal Revenue Service (IRS)] lien is in fact senior to Plaintiff's claim of lien."

(Dkt. 8 at 2.)   Accordingly, Plaintiff contends that under Florida law, the United States, as "a senior lienholder[,] is not a proper party defendant in [this] foreclosure action."   (*Id.*)   The United States counters that it "is a proper party . . . through its judgment lien that is admittedly junior to" Absolute Finance's lien and a "court cannot remove the admittedly junior judgment lien of the United States without making it a party, so it is in fact improper to dismiss the United States."   (Dkt. 12-1 at 5, 9.)

Neither party contests that "under Florida law, a superior lienholder is not a proper party to a junior lienholder's foreclosure action."   *First Fid. Tr. Servs., Inc. v. Shelter Cove Condo. Ass'n, Inc.*, No. 3:19CV1687-TKW-EMT, 2019 WL 13204933, at *3 (N.D. Fla. Aug. 20, 2019); *see Wells Fargo Bank, N.A. v. Rutledge*, 148 So. 3d 533, 534–35 (Fla. Dist. Ct. App. 2014) (concluding that the superior lienholder was not a proper party to a foreclosure action); *Citimortgage, Inc. v. Henry*, 24 So. 3d 641, 643 (Fla. Dist. Ct. App. 2009) (noting that a party with a superior interest would not be a proper party to a foreclosure action and "could not be brought into court to litigate its interest in the subject property").   Rather, the parties seemingly dispute whether the United States is a superior or junior lienholder.   (*See* Dkt. 8 at 2 ("Because the IRS lien is senior, the United States is an improper party to this action[.]"); Dkt. 12-1 at 6, 8 (explaining that the United States has a "senior federal tax lien[]" to Plaintiff but that Plaintiff's "assigned judgment lien ha[s] priority over the government's judgment lien" as "[t]he Lionspaw Grand Neighborhood Owners' Association recorded its lien claim on May 18, 2021," and "[t]he United States filed an abstract of judgment on May 17, 2023"); *see also id.* at 17–18, 21.)

Defendant asserts that it is both a superior and junior lienholder—superior because of a federal tax lien and junior because of a judgment lien—and Plaintiff does not address Defendant's distinction. (Dkt. 12-1 at 6, 8; *see* Dkt. 8 (referring only to the tax lien).)  The court agrees with the United States that the "judgment lien is distinct from the federal tax lien[]" and thus the United States is both a superior and a junior lienholder.  (Dkt. 12-1 at 10 n.2.)  *See United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970) ("The tax liens are merged neither into the judgment nor into the judgment liens; they continue to exist independently of either."); *United States v. Hodes*, 355 F.2d 746, 749 (2d Cir. 1966) (discussing another case where "the government had obtained a judgment and had docketed it as required," and explaining that the judgment lien did not gain "priority over the particular mortgagee in question," as "the government's assessment lien retained independent force"); *United States v. Mandel*, 377 F. Supp. 1274, 1277 (S.D. Fla. 1974) ("[T]ax assessment liens, unlike most liens under state law, continue to exist independently of the suit or judgment which has extended their existence." (quotation omitted)); *Moyer v. Mathas*, 332 F. Supp. 357, 359 (M.D. Fla. 1971) (explaining that "[t]he personal judgment . . . obtained by the United States . . . extended the life of the federal tax liens" but "[t]hese liens were not merged into the judgment [and] continued to exist independently of it" such that the "liens [we]re separately enforceable"), *aff'd*, 458 F.2d 431 (5th Cir. 1972); *Mock v. United States*, No. 23-CV-10525, 2025 WL 2156815, at *5 (E.D. Mich. July 29, 2025) ("[A] tax lien exists independent of a judgment lien."); *see also United States v. Bank of Celina*, 786 F.2d 1166 (6th Cir. 1986).  As such, the court declines to drop the United States

- 5 -

as a defendant, and thus, the court cannot remand the case. *See* 28 U.S.C. § 1442(a)(1) (providing that the United States may remove actions brought against "[t]he United States or any agency thereof"); 28 U.S.C. § 1444.

In the alternative, Plaintiff moves to amend the complaint to remove all claims against the United States under Federal Rule of Civil Procedure 15. (Dkt. 8 at 3.) Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Here, Plaintiff does not have the written consent of the United States. (*See* Dkts. 12, 13.) Accordingly, Plaintiff requires the court's leave to amend. "The district court . . . need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed[,] (2) where allowing amendment would cause undue prejudice to the opposing party[,] or (3) where amendment would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quotation omitted).

The United States contends that Plaintiff's amendment is in bad faith as Plaintiff seeks to conduct a foreclosure sale of the subject real property and "[a]llowing a sale to yet another hapless investor would add more confusion to the land records and cause the United States to have to add that purchaser as a party to the United States' lien-enforcement suit." (Dkt. 13 at 2; *see* Dkt. 12-1 at 9–10 ("Absolute Finance instead wants to dismiss the United States from its amended complaint and have the case be remanded to the state court to conduct another foreclosure sale. . . . [I]t is apparently the hope of Absolute Finance that another person will make the same mistake as the

- 7 -

bidder who defaulted in the first foreclosure sale. . . . Or perhaps Absolute Finance will seek to assign its assigned judgment to another hapless investor whose title search is defective or who fails to search altogether."). As leave to amend is not required under the circumstances, Plaintiff's motion is denied.

## CONCLUSION

Accordingly:

1. Plaintiff's motion to remand (Dkt. 8) is **DENIED**.

2. Plaintiff's motion to amend (Dkt. 8) is **DENIED**.

**ORDERED** in Orlando, Florida, on April 23, 2026.

_____

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record